UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Velcro Industries, B.V.
and Velcro USA, Inc.</u>

    v.                        Civil No. 04-cv-242-JD

<u>Taiwan Paiho Limited</u>

O R D E R

The defendant, Taiwan Paiho Limited, has moved for reconsideration of this court's order of August 23, 2005, denying Paiho's motion to continue the trial and to extend the discovery cutoff and pretrial filing deadlines in this matter (the "motion to continue"). The plaintiffs, Velcro Industries B.V. and Velcro U.S.A. Inc. (collectively, "Velcro"), objected to the motion to continue and have now objected to the motion for reconsideration. Paiho has also moved for leave to reply to Velcro's objection to the motion for reconsideration. Leave is granted and the court has considered the reply in ruling on the motion.

Paiho sought to continue the trial and extend the other deadlines because, at that point, (1) "extensive discovery ha[d] yet to occur," namely the depositions of six witnesses,[1] (2) Paiho's two motions for partial summary judgment, together

---

[1] One of those depositions, that of one of Velcro's expert witnesses, has since taken place.

with Velcro's related motion to strike, and two discovery motions arising out of Velcro's attempt to procure discovery from a third party were pending, and (3) "the current case schedule [did] not allow suitable time for the parties to meaningfully explore [the] possibility for settlement," which the parties had agreed to do at the close of discovery.  Mot. Continue ¶¶ 2-4.

Paiho's motion for reconsideration does not purport to make any additional arguments supporting a continuance in this case.[2] Instead, Paiho uses the motion as an opportunity to respond to the "inaccurate impressions and representations" allegedly set forth in Velcro's objection to that relief.  Mot. Recons. at 1. Regardless of the accuracy of Velcro's objection, the court believes, as it did at the time it denied the motion to continue, that Paiho has failed to show the "extraordinary circumstances" necessary to obtain a continuance in this court under Local Rule 39.2, which also warns that "continuances [are] the exception,

---

[2]As an additional development, Paiho notes in its motion for reconsideration that it also filed a motion to compel Velcro to produce certain documents that same day.  That fact does not support postponing the trial.  See note 5, infra.  The reply also notes that Velcro filed another action against Paiho in state court in New Hampshire on August 26, 2005, and that a hearing in that matter has been scheduled for October 7, 2005, dates which Paiho suggests "can only have been selected to interfere with Paiho's preparation for trial in this case."  Reply at 4.  Given that trial in this court has been scheduled for some time, the state court is the proper forum to attempt to remedy any time management problems brought about by the filing there.

rather than the rule."[3]

First, and most importantly, Paiho must live with the consequences of failing to complete its discovery before the existing deadline.  On June 2, 2005, the court granted the parties' joint motion to extend the discovery cutoff to August 21, 2005, modifying the Rule 16(e) scheduling order previously entered in this matter.  Nevertheless, the parties have taken it upon themselves to schedule depositions to take place beyond the cutoff.  This practice is improper and demonstrates not only blatant disregard for an order of this court, but also a clear violation of Local Rule 16.1, which expressly provides that "[d]eadlines established by the court shall not be changed by agreement without prior court approval."  At a minimum, litigants proceed at their own risk when they agree to conduct discovery past the scheduling order deadline without leave of court.  Because Paiho scheduled the depositions in question to take place beyond the discovery cutoff, and before even seeking any extension of the cutoff to accommodate them, the fact that they remain outstanding provides no basis for a continuance.[4]

---

[3] Similarly, Fed. R. Civ. P. 16(e), which governs the modification of pretrial scheduling orders, provides that they "shall be modified only to prevent a manifest injustice."

[4] Furthermore, Velcro, rather than Paiho, had sought the depositions of three of the six witnesses who remained to be

Second, while Paiho's pending motions for partial summary judgment could narrow the issues to be tried should either of the motions be granted, in whole or in part, they cannot resolve the case in its entirety. In fact, Paiho conceded before it filed the motion to continue that its first motion for partial summary judgment is moot as to all but one of the nine claims from the patents-in-suit on which the motion seeks relief because Velcro does not accuse Paiho of infringing those claims. Reply Opp'n First Mot. Part. Summ. J. at 1, n. 1. That claim itself, claim 1 of United States Patent No. 4,872,243, is also the subject of Paiho's second motion for summary judgment, which is itself moot as to the two other claims it addresses. Reply Opp'n Second Mot. Part. Summ. J. at 1, n. 1.

Paiho's motions for partial summary judgment, then, can potentially resolve only one of the five claims from the patents at issue in this case. Claims 7, 22, 24, and 27 of United States Patent No. 4,794,028 will remain for trial regardless of how the court rules on summary judgment. Paiho does not assert that the additional burden of preparing for trial on the sole claim which could possibly be resolved on summary judgment gives rise to the

---

deposed at the filing of the motion to continue. Paiho does not explain how the fact that Velcro has discovery requests outstanding necessitates a continuance when Velcro itself actively opposes one.

"extraordinary circumstances" necessary for a continuance. Indeed, because the '243 patent is merely a division of the '028 patent, i.e., they are identical in all respects but their claims, preparing for trial on one claim from the '243 patent would seem to entail little additional work beyond that necessary to prepare for trial on four claims from the '028 patent.[5]

Third, Paiho offers no explanation as to how the outstanding depositions might so dramatically affect the positions of the parties relative to settlement to require putting off the trial to enable the completion of those depositions before proceeding to mediation, as Paiho wishes to do. Although it was reasonable for the parties to forestall exploring the possibility of mediation until after discovery

---

[5]Paiho points out that discovery motions are also pending: (1) Velcro's motion to compel its inspection of certain third-party premises, (2) the third party's motion to quash Velcro's subpoena to that effect, (3) a motion to quash a deposition subpoena that Velcro issued to the third party's employee, filed by the employee himself, and (4) Paiho's motion to compel the production of certain documents by Velcro. Again, because Velcro wishes to proceed to trial as scheduled despite not yet knowing whether it will have the discovery at issue in those first three motions, their pendency does not appear to support a continuance. As for Paiho's pending motion to compel, it was not filed until September 1, 2005, despite the fact that Paiho claims to have initially requested many of the documents at issue in November, 2004. Paiho also does not explain, in any of its filings in connection with the motions to continue or for reconsideration, how its current lack of access to these documents impacts its trial preparation so as to merit a continuance.

closed, as they decided to do at the beginning of the summer, whatever Paiho hopes to learn in the two depositions it has yet to take would not seem to matter much in deciding whether to mediate or, if mediation occurs, whether to settle and on what terms.[6]  Paiho's assertion that it cannot attempt to mediate the case before receiving all of the discovery it has requested therefore does not suffice to postpone the trial.

Nevertheless, the court expects the parties to honor their prior representations to this court that they will explore the possibility of settlement in this matter before trial commences. Indeed, the court expects the parties to mediate this case before it goes to trial.  To that end, the court has attached the curriculum vitae of a mediator with significant experience in litigating and mediating intellectual property disputes for the parties' consideration.  Should the parties agree to proceed to mediation, they can seek an appropriate rescheduling of the trial and related events in this matter at that time if it appears necessary.

For the foregoing reasons, Paiho's motion for reconsideration (document no. 80) is DENIED.  Paiho's motion for

---

[6]Indeed, one of the witnesses Paiho has yet to depose is a designated expert for whom it has already received reports, taking much of the mystery out of his likely trial testimony.

leave to file a reply in connection with that motion (document no. 83) has been GRANTED and the reply considered.

SO ORDERED.

                                                                    _____
                                                                    Joseph A. DiClerico, Jr.
                                                                    United States District Judge

September 19, 2005

cc:   John L. DuPre, Esquire
      Colin C. Durham, Esquire
      Edward A. Haffer, Esquire
      Gregory A. Madera, Esquire
      N. Scott Pierce, Esquire
      Arnold Rosenblatt, Esquire
      Mark C. Rouvalis, Esquire
      Craig R. Smith, Esquire
      Jeremy T. Walker, Esquire